UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA FARMERS MUTUAL INSURANCE COMPANY AS SUBROGEE OF ROBERT ARNOLD AND JOANN ARNOLD, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) No. 1:23-cv-00286-JMS-MG ) ) ) ) ) |

**ORDER**

Pending before the Court is Plaintiff's Motion to Quash Subpoena to Produce Documents to non-parties Robert Arnold and Joann Arnold (the "Arnolds"). [Filing No. 39.] Further, the parties requested a discovery conference with the Court, to assist in continued discovery disputes regarding telephonic depositions of the Arnolds, a privilege claim for insured/insurer communications, and the Motion to Quash. The parties appeared by counsel for a telephonic discovery conference on January 26, 2024. The parties submitted written positions on the matters in advance of the conference, and the undersigned heard argument from counsel during the conference.

**I.**
**BACKGROUND**

On January 7, 2023, Plaintiff filed its complaint against Defendant alleging the Arnold's 2017 Chevy Malibu, manufactured by Defendant, was defective and, while parked in the Arnold garage, caught fire, and caused property damage. [Filing No. 1.] At the time of the fire, the property was covered by an insurance policy issued from Plaintiff Indiana Farmers, and Indiana Farmers issued payments to the Arnolds for the resulting property damages pursuant to its policy. [Filling

No. 1 at 1-2.] Plaintiff, as subrogee to the rights of its insured, brings this suit against Defendant to recover the extent of its payments to the Arnolds for the damages to their property. [Filing No. 1 at 2.]

## II.
### LEGAL STANDARD

Fed. R. Civ. P. 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." *Id.* "[R]elevance" for purposes of discovery "is broader than relevance at trial." *Freeman v. Ocwen Loan Serv., LLC*, 2022 WL 999780, at *2 (S.D. Ind. Apr. 4, 2022) (internal quotation marks and citation omitted). That is so because "during discovery, a broad range of potentially useful information should be allowed when it pertains to issues raised by the parties' claims." *Id.* (internal quotation marks and citation omitted). Fed. R. Civ. P. 34, which governs document requests, specifies that the requesting party may seek documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

When determining whether to enforce a discovery request, the court must weigh the need for the information, the breadth of the request, the time period the discovery covers, the particularity of the documents, and the burden imposed. *United States Securities and Exchange Commission v. Haab*, No. 1:15-cv-00659-JMS-MJD, 2016 WL 6610851, at *2 (S.D. Ind. Nov. 9, 2016) (citing *Charles v. Quality Carriers, Inc.*, No. 1:08-cv-00428-RLY-JMS, 2010 WL 396356, at *1 (S.D. Ind. Jan. 28, 2010)).

Under Rule 45, a court must quash or modify a subpoena if it fails to allow a reasonable time to comply; requires a person who is neither a party nor a party's officer to travel more than 100 miles; requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden. *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D.

513, 516 (N.D. Ind. 2012); Fed. R. Civ. P. 45(c)(3)(A)(i)–(iv). The party seeking to quash a subpoena under Rule 45(c)(3)(A) bears the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden. *Id.* In assessing undue burden, courts consider such factors as relevance, the need for the information, and the burden imposed. *See Morrow v. Air Ride Techs., Inc.*, 2006 WL 559288, at *2 (S.D. Ind. Mar. 6, 2006).

### III.
### DISCUSSION

**A.     Motion to Quash Subpoena**

On September 6, 2023, and pursuant to S.D. Ind. L.R. 45-1, Defendant provided Plaintiff a copy of a Subpoena to Produce Documents directed to non-parties Robert Arnold and Joann Arnold. [Filing No. 39 at 2.] On September 12, 2023, Plaintiff advised Defendant of its objection and the parties attempted to meet and confer, to no avail. [Filing No. 39 at 2.] On September 19, 2023, Defendant issued a second subpoena to Robert Arnold and Joann Arnold and demanded a response by October 4, 2023. [Filing No. 39 at 2.] The Arnolds did not respond, and Plaintiff Indiana Farmers has since filed the instant motion to quash the subpoena. [Filing No. 39.]

Plaintiff brings three arguments in support of its Motion to Quash: (1) Defendant's Request Nos. 1-16 are duplicative; (2) Defendant's Request Nos. 5-10, 14-15 are overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence; and (3) Defendant's subpoena does not provide a reasonable time to respond. [Filing No. 39 at 3-4.]

Defendant contends that to investigate the origin and cause of the fire, and to defend against Plaintiff's claims, it issued two subpoenas—one to Morgan County Building Department and the other to South Central Indiana Rural Electric Membership Cooperation—"but neither responses provided information regarding the presence, modification, alternation or construction of the Arnolds' original garage, the add-on garage, nor the electric componentry within or about the

garages at the time of the fire." [Filing No. 42 at 3.] At the same time it issued its two subpoenas, Defendant issued interrogatories and requests for production to Plaintiff seeking information regarding the Arnolds' garages, the electrical system in the house and garages, a mobile home believed to be located on the property, and the Malibu. [Filing No. 42 at 3.]

In their request for a discovery conference, the parties supplemented their briefing on this issue. In addition to the above-mentioned briefing, Plaintiff notes that Michelle Simmons, the Arnolds' granddaughter who assists with their care and handled the claim at issue, received a subpoena requesting the same information as the subpoena at issue. Plaintiff contends that Simmons provided a response noting that the Arnolds lost everything in the fire and any documents they had in their home were burned beyond salvage. Defendant reiterates most of its prior arguments in support of the subpoena, and further acknowledges that while it received a subpoena response from Simmons, this does not absolve the Arnolds of their obligation and Simmons was not responding on their behalf.

Of note, Defendant contends that Plaintiff does not have standing to quash the Arnolds' subpoena request, because while this is a subrogation action, the Arnolds are third parties. Generally, a party lacks standing to move to quash a subpoena served on a third party, but an exception exists when the party claims some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty. *Noble Roman's Inc. v. Hattenhauer Distrib. Co.,* 314 F.R.D. 304, 306 (S.D. Ind. 2016) (citing *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)); *HTG Capital Partners, LLC v. Does(s),* No. 15 C 02129, 2015 WL 5611333, at *3 (N.D. Ill. Sept. 22, 2015). As with other discovery issues, deciding whether to grant a motion to quash lies within the sound discretion of the district court. *Sullivan v. Gurtner Plumbing, Inc.,* No. 11-cv-6261, 2012 WL 896159, at *1 (N.D. Ill. Mar. 13, 2012) (citing *United States v.*

*Ashman*, 979 F.2d 469, 496 (7th Cir. 1992)). At this time, the Court takes no position on the question of Plaintiff's standing to quash, and merely evaluates the burden imposed upon the Arnolds under the subpoena.

Plaintiff contends from Ms. Simmons' subpoena response that the Arnolds may have lost all documents responsive to Defendant's subpoena request. However, Ms. Simmons' response to her own subpoena was not a response on behalf of the Arnolds. While the Arnolds' response may be similar, in that they may indicate they possess no responsive documents, they must still respond on their own. Further, the Arnolds may have additional documents that Ms. Simmons is unaware of. Such a response poses little burden to the Arnolds and is relevant to the claims and defenses of the parties. As such, Plaintiff's Motion to Quash, [Filing No. 39], is **DENIED**. The Arnolds are **DIRECTED** to respond to the Defendant's subpoena request in a timely manner and Plaintiff is **DIRECTED** to send a copy of this Order to the Arnolds.

### B.     Privilege Claim as to Insured/Insurer Communications

Defendant makes several objections to Plaintiff's redactions as to the insured/insurer privilege and adjuster opinions on liability.

Plaintiff argues that there is an insured-insurer privilege claim, found from an Indiana Supreme Court case, *Richey v. Chappel*, 594 N.E.2d 443, 446 (Ind. 1992). Plaintiff argues this case holds the insured/insurer privilege protects statements made by insureds to insurers (like those between Plaintiff and the Arnolds) when statements concerning an incident could be the basis of a claim by a third party. It then contends that this privilege in *Richey* has been expanded to protect communications between insureds and insurers whether those communications are made by the insured to insurer or insurer to insured. *Steinrock Roofing & Sheet Metal, Inc. v. McColloch*, 965

N.E.2d 744 (Ind. Ct App. 2012); *see also* Gaston v Hazeltine, 2023 Westlaw 6364440, at *6 (N.D. Ind. September 29, 2023).

      Defendant contends that Plaintiff's privilege claim over communications is improper, and that its reliance on *Richey* is misplaced. Defendant argues that *Richey* limits its holding to instances where the applicable policy requests an insurer to defend the insured against third-party claims, but the instant case is not a third-party case as Plaintiff has repeatedly claimed it has "stepped into the shoes" of the Arnolds and sued Defendant for damages to their residence. Defendant argues that subrogation is distinguishable from a third-party action where a Plaintiff sues the insured and seeks information from the insurer to advance the suit. Defendant further contends that *Steinrock* is also distinguishable because it is similarly a third-party suit, and Defendant is not seeking information from a third-party insurer to advance its claims against the Arnolds, but information in Plaintiff's possession regarding the underlying basis of the claims asserted. Lastly, it argues Plaintiff has waived any protection this insurer-insured privilege may provide because it puts the statements made by the Arnolds at issue.

      Next, Plaintiff argues that adjuster mental impressions, conclusions, opinions, or theories of liability are privileged work product and not discoverable. Fed. R. Civ. P. 26(b)(3). It argues that it produced documents to Defendant starting August 31, 2021, but included redactions of these work product and non-discoverable materials.

      Defendant argues that Plaintiff's privilege log fails to adequately set forth sufficient detail regarding the basis for the privilege, and more specifically, the type of privilege asserted. It contends the log only implies the documents are privileged and leaves it up to Defendant whether the material is subject to attorney-client privilege, work-product doctrine, or insured-insurer privilege (should it be applicable). Lastly, Defendant argues Plaintiff fails to identify the recipients

and describes the subject matter of the withheld material, but consistently redacts names/identities of the individuals on the emails.

The Court notes the difficultly the undersigned might have in making determinations regarding the applicability the various claimed privileges without viewing the contested privilege log and communications *in camera*. See *Am. Nat'l Bank & Trust Co. v. Equitable Life Assurance Soc'y*, 406 F.3d 867, 880 n.7 (7th Cir. 2005) ("Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies.") (citation and quotation marks omitted).

The Court therefore orders Plaintiff to **submit, not file,** the privilege log and contested communications to the Chambers of Magistrate Judge Garcia for *in camera* review **within seven (7) days of this Order**, if it has not already done so**.** Further, the parties are to continue their meet and confer efforts on the privilege log and communications during this time. The parties should notify the Court should they meet a resolution before this deadline.

C. **Deposition of The Arnolds**

Last, Defendant seeks to proceed with depositions of the Arnolds. Plaintiff continues to object to Defendants' request due to health statuses and a doctor's letter documenting mental impairments (dementia and Alzheimer's). Defendant notes that it does not wish to cause hardship, but it is entitled to investigate and obtain basic factual information from the Arnolds. Defendant further offered to conduct the deposition remotely and at a date and time convenient to the Arnolds.

Given the limited issues involved in this case, and the age and abilities of the Arnolds, the Court finds that taking the deposition by remote means is appropriate. See Fed. R. Civ. P. 30(b)(4); *In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *7 (N.D. Ill. 2020) ("Courts have long

held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally."). Furthermore, the Court shall limit the deposition to 1 hour each. The Court will order, without objection, Defendant's counsel to provide Plaintiff's counsel and the Arnolds, the general questions and subjects to be asked, **within 21 days of the scheduled deposition**.

## IV.
### CONCLUSION

In summary:

(1) Plaintiff's Motion to Quash, [39], is **DENIED** and the Arnolds are **DIRECTED** to respond to the Defendant's subpoena request in a timely manner;

(2) Plaintiff is **ORDERED to submit, not file,** the privilege log and contested communications to the Chambers of Magistrate Judge Garcia (mjgarcia@insd.uscourts.gov) for *in camera* review **within seven (7) days of this Order,** if it has not already done so**;**

(3) the parties are **ORDERED** to continue their meet and confer efforts on the privilege log and communications;

(4) the Court **ORDERS** the Arnolds depositions shall be conducted via remote means, they shall be limited to 1 hour each, and Defendant's counsel shall provide to Plaintiff's counsel and the Arnolds, the general questions and subjects to be asked, **within 21 days of the scheduled deposition**; and

(5) Plaintiff is **DIRECTED** to send a copy of this Order to the Arnolds.

Date: 2/1/2024

_Mario Garcia_
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**